UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS E. LANE, et al.                                             PLAINTIFFS

V.                                CIVIL ACTION NO. 3:24-CV-161-KHJ-MTP

SAM'S EAST, INC., et al.                                        DEFENDANTS

ORDER

Before the Court is Defendant Sam's East, Inc.'s ("Sam's") [36] Motion for Summary Judgment. The Court grants the motion.[1]

I.    Background

This case arises out of a slip-and-fall accident.

Plaintiff Thomas E. Lane ("Lane") and his daughter went to a Sam's Club one Saturday at about 5 p.m. Thomas E. Lane Aff. [42-1] ¶¶ 3–5; Thomas E. Lane Dep. [36-1] at 3. At first, Lane waited in the car while his daughter shopped. [42-1] ¶ 6. He then entered the store and looked at some computers. *Id.* ¶¶ 7–8.

About 10 to 20 minutes later, he went looking for his daughter. *Id.* ¶¶ 8–9; [36-1] at 3–4. Lane walked down the main aisle, where he saw "three people who appeared to be Sam's employees standing in a group talking" by a fruit display. [42-1] ¶¶ 11, 20; [36-1] at 6–7; *see also* Demetre Lane Aff. [42-2] ¶¶ 12, 15 (Lane's daughter discussing two female and two male employees "in the area").

---

[1] The Court finds as moot Sam's [38] Motion to Limit or Exclude Testimony of Plaintiffs' Non-Retained Experts.

Lane then met his daughter in a side aisle, about 10 feet away from the fruit display. [36-1] at 4, 6. They agreed to shop separately for a few more items. *Id.* at 4. Lane's daughter started walking toward the crackers and chips. [42-2] ¶¶ 10–11. And Lane started walking back toward the fruit display. [42-1] ¶¶ 14–15.

After walking a few feet, Lane slipped on a piece of fruit on the floor of the side aisle. [36-1] at 2, 5, 7. He fell. [42-1] ¶ 16. And he hit the concrete floor, hurting his back, knees, and hips. *Id.* ¶ 18; [36-1] at 2. Neither Lane nor his daughter saw any customers in the area where Lane fell. [42-1] ¶ 22; [42-2] ¶ 16.

Lane called out for help from the three people by the display. *See* [42-1] ¶¶ 11, 19–20. Only then did the male employee approach and speak with Lane's daughter for several minutes. *Id.* ¶¶ 19–21. Eventually, a manager arrived. *Id.* ¶ 23. Lane says that he "heard the manager reprimand the male employee for not 'doing what they were supposed to do.'" *Id.*[2]

Lane and his wife, Plaintiff Linda Lane, sued in state court. Compl. [1-1]. After removal to this Court, they amended their complaint, naming Sam's as the proper Defendant. *See* Am. Compl. [15]. Lane raised a negligence claim; his wife raised a loss-of-consortium claim. *Id.* ¶¶ 9–17.

Discovery began. During his deposition, Lane said:

- He had "no knowledge that [Sam's] caused [the fruit] to be on the floor," did not "know who put it there," and did not have "the slightest" idea where it came from. [36-1] at 9.

---

[2] Lane's daughter adds that she "did not see any employees with a mop or a broom during [her] visit to Sam's." [42-2] ¶ 17.

- He did not speak with employees about whether they knew that the fruit was on the floor. *Id.*; *see also id.* at 6 (Lane admitting that he did not "notice anything on the floor as [he] walked across" the aisle to meet his daughter).
- He did not "know how long [the fruit] had been on the floor," did not know "if it was five minutes before [he] slipped or ten minutes before [he] slipped," and saw no one else's footprints or cart marks on the fruit. *Id.* at 8–10.

Citing Lane's deposition testimony, Sam's moved for summary judgment. [36]. It argued that there is no evidence supporting Lane's theories that Sam's (1) caused the fruit to be there, (2) had actual knowledge, or (3) had constructive knowledge. *Id.* at 1–3. Lane's five-page response argued only that the "presence" of "multiple employees in the area where the fall occurred" sufficed to create genuine issues of material fact on all three theories. Resp. [42] at 4.

Sam's [44] Reply attached a declaration from the male employee who was at the display. *See* Wells Decl. [44-1]. The employee, Noah Bernard Wells, swore that Sam's Club associates must "zone" specific areas, checking for and cleaning up any potential hazards. *Id.* ¶ 7. Wells further swore that he "personally zoned the area five to ten minutes" before Lane fell. *Id.* ¶ 8. When he did so, Wells says, "there was no fruit or other substance on the floor." *Id.* ¶ 9.

II. Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it might affect the outcome of the suit under the governing law, while a dispute about that fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022) (cleaned

3

up). And a movant is "entitled to a judgment as a matter of law when the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Carnegie Techs., L.L.C. v. Triller, Inc.*, 39 F.4th 288, 293 (5th Cir. 2022) (cleaned up).

"If the burden at trial rests on the non-movant, the movant must merely demonstrate an absence of evidentiary support in the record for the non-movant's case." *Bayle v. Allstate Ins. Co.*, 615 F.3d 350, 355 (5th Cir. 2010) (cleaned up). "Once a party meets the initial burden of demonstrating that there exists no genuine issue of material fact for trial, the burden shifts to the non-movant to produce evidence of the existence of such an issue for trial." *Id.* The non-movant's failure "to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006).

Courts must "view all the facts in the light most favorable to the non-moving party and draw all justifiable inferences in [its] favor." *Est. of Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (cleaned up). But "[c]onclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation will not survive summary judgment." *Batyukova v. Doege*, 994 F.3d 717, 724 (5th Cir. 2021) (cleaned up).

III. Analysis

The Court grants summary judgment on both claims.

A. Negligence

The Court starts with Lane's negligence claim. Under Mississippi law, "a premises owner like [Sam's] is not the insurer of the safety of its business invitees like [Lane]." *Dolgencorp, LLC v. Payton*, 366 So. 3d 838, 842 (Miss. 2023). "Rather, [Sam's] owes a duty to its customers to exercise reasonable care in maintaining its place of business in a safe condition." *Id.* (cleaned up). To show that Sam's breached that duty, Lane "must prove one of three things":

> (1) that [Sam's], through the negligent act of its employees, created the dangerous condition that allegedly caused the fall, or (2) that [Sam's], while not creating the condition, did have actual knowledge of it, or (3) that the dangerous condition existed for a sufficient amount of time to establish constructive knowledge.

*Id.* (cleaned up).

Lane pursues all three theories. [42] at 4. The Court addresses each in turn.

First, Lane argues that Sam's negligent act created the dangerous condition. *See id.* But "during [his] deposition, [Lane] admitted that [he] did not know how the [fruit] came to be on the floor." *Hearn v. Square Prop. Invs., Inc.*, 297 So. 3d 292, 295 (Miss. Ct. App. 2020) (en banc); *see also* [36-1] at 9. And "there is nothing in the record to indicate that a negligent act of [Sam's] or its employees caused [Lane's] fall." *Hearn*, 297 So. 3d at 295–96. So Lane's claim fails under this theory. *Id.* at 296.[3]

---

[3] Lane's only argument notes the presence of "multiple employees in the area where the fall occurred." [42] at 4. But that does not "create[] a legitimate inference that places it beyond conjecture" that those employees caused the fruit to be on the floor. *Hardy ex rel. Hardy v. K Mart Corp.*, 669 So. 2d 34, 38 (Miss. 1996); *see also Batyukova*, 994 F.3d at 724.

Second, Lane argues that Sam's had actual knowledge of the fruit on the floor. *See* [42] at 4. But Lane failed to "present any evidence that a [Sam's] employee had actual knowledge that the [fruit] was on the aisle floor before [Lane] fell." *Dolgencorp*, 366 So. 3d at 842; *see also* [36-1] at 9. So Lane's claim fails under this theory. *See Dolgencorp*, 366 So. 3d at 842.[4]

Finally, Lane argues that Sam's had constructive knowledge of the fruit on the floor. *See* [42] at 4. "A plaintiff must demonstrate constructive knowledge with 'proof that the condition existed for such a length of time that, in the exercise of reasonable care, the proprietor should have known of it.'" *Spangler v. Beau Rivage Resorts, Inc.*, 689 F. App'x 830, 833 (5th Cir. 2017) (per curiam) (quoting *Munford, Inc. v. Fleming*, 597 So. 2d 1282, 1284 (Miss. 1992)). "Mississippi courts will not indulge presumptions for the deficiencies in [a] plaintiff's evidence as to the length of time the hazard existed[;] therefore, the plaintiff must produce admissible evidence as to the time period in order to establish the operator's constructive knowledge." *Id.* (cleaned up).

Lane offers no such evidence. Indeed, Lane admitted that he did not "know how long [the fruit] had been on the floor." [36-1] at 9; *see also id.* at 9–10 (similar). What's more, Lane "testified that there were no foot prints, smear marks, or tracks from shopping-cart wheels to imply the substance had remained on the floor long

---

[4] Again, Lane's only argument notes the presence of "multiple employees in the area where the fall occurred." [42] at 4. But that does not "create[] a legitimate inference that places it beyond conjecture" that those employees knew about the single piece of fruit on the floor. *K Mart Corp.*, 669 So. 2d at 38; *see also Batyukova*, 994 F.3d at 724. Indeed, Lane admitted that he did not "notice anything on the floor as [he] walked across" the side aisle to meet his daughter. [36-1] at 6; *see also id.* at 9 (similar).

6

enough to impute constructive knowledge to [Sam's]." *Spangler*, 689 F. App'x at 834 (quoting *Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d 1120, 1126 (Miss. Ct. App. 2011)); *see also* [36-1] at 8–9. At bottom, then, Lane "has simply failed to produce evidence that demonstrates a time period sufficient to impute constructive knowledge of the [fruit] to [Sam's]." *Spangler*, 689 F. App'x at 834. So Lane's claim fails under this theory, too. *See id.*[5]

For those reasons, summary judgment is proper on Lane's negligence claim.

B.  Loss of Consortium

Under Mississippi law, "if the underlying personal injury claim is disposed of, the loss of consortium claim cannot be maintained on its own." *J & J Timber Co. v. Broome*, 932 So. 2d 1, 6 (Miss. 2006). So the Court grants summary judgment on the loss-of-consortium claim, too.

---

[5] Again, Lane's only argument notes the presence of "multiple employees in the area where the fall occurred." [42] at 4. But that does not "create[] a legitimate inference that places it beyond conjecture" that the fruit was there long enough that Sam's should have known about it. *K Mart Corp.*, 669 So. 2d at 38; *see also Batyukova*, 994 F.3d at 724. The same goes for Lane's daughter's testimony about not seeing any employees with a mop or a broom. [42-2] ¶ 17; *see also* [42] at 2 (referencing that testimony only in one sentence of response's background section).

And for two reasons, Lane's testimony about the manager's alleged reprimand does not create a genuine issue. First, Lane did not cite (or even reference) that reprimand anywhere in his response, as required under Rule 56(c)(1)(A). *See* [42]. And second, even if he had—and even if the manager were referencing the employee's failure to clean up the fruit before Lane fell (rather than his failure to immediately check on Lane after he fell)—that would not create a fact issue about how long the fruit was on the floor. That is especially so given Sam's evidence that "there was no fruit or other substance on the floor" when an employee "zoned the area five to ten minutes" before Lane fell. [44-1] ¶¶ 7–9.

7

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court GRANTS Sam's [36] Motion for Summary Judgment. The Court FINDS AS MOOT Sam's [38] Motion to Limit or Exclude Testimony of Plaintiffs' Non-Retained Experts. And the Court DISMISSES this case with prejudice. The Court will issue a separate final judgment.

SO ORDERED, this 21st day of April, 2025.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE