UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THOMAS E. LANE, et al.                                                                PLAINTIFFS

V.                                        CIVIL ACTION NO. 3:24-CV-161-KHJ-MTP

SAM'S EAST, INC., et al.                                                              DEFENDANTS

ORDER

Before the Court is Plaintiffs' [48] Motion to Vacate Judgment under Rule 59(e). The Court denies the motion.

I.     Background

The Court described this slip-and-fall case's background in its [46] Order granting summary judgment. [46] at 1–3.

In short, Plaintiff Thomas Lane was shopping at a Sam's Club, and he slipped on a piece of fruit on the floor of a side aisle. *Id.* at 1–2. He sued Defendant Sam's East, Inc., for negligence; his wife, Plaintiff Linda Lane, sued for loss of consortium. *Id.* at 2. During discovery, Thomas Lane admitted:

- He had "no knowledge that [Sam's] caused [the fruit] to be on the floor," did not "know who put it there," and did not have "the slightest" idea where it came from. Thomas Lane Dep. [36-1] at 9.
- He did not speak with employees about whether they knew that the fruit was on the floor. *Id.*; *see also id.* at 6 (Lane admitting that he did not "notice anything on the floor as [he] walked across" the aisle to meet his daughter).
- He did not "know how long [the fruit] had been on the floor," did not know "if it was five minutes before [he] slipped or ten minutes before [he] slipped," and saw no one else's footprints or cart marks on the fruit. *Id.* at 8–10.

Sam's moved for summary judgment. Sam's Mot. Summ. J. [36]. Plaintiffs' five-page response argued only that the "presence" of "multiple employees in the area where the fall occurred" created genuine issues of material fact as to Sam's constructive knowledge, actual knowledge, and creation of the dangerous condition. Pls.' Summ. J. Resp. [42] at 4. Sam's filed a [44] Reply, which attached a declaration from an employee, Noah Wells, who allegedly "zoned" the area five to ten minutes before Thomas Lane fell. Wells Decl. [44-1] ¶¶ 8–9.

The Court granted summary judgment. [46]. It held that Plaintiffs failed to establish Sam's constructive knowledge because they offered no evidence about the "length of time the hazard existed." *Id.* at 6–7 (quoting *Spangler v. Beau Rivage Resorts, Inc.*, 689 F. App'x 830, 833 (5th Cir. 2017) (per curiam)). That was so, the Court held, despite Plaintiffs' argument about the "presence of 'multiple employees in the area where the fall occurred.'" *Id.* at 7 n.5 (quoting [42] at 4). That did not allow for a legitimate inference that "the fruit was there long enough that Sam's should have known about it." *Id.* At bottom, the Court held that Plaintiffs "simply failed to produce evidence that demonstrates a time period sufficient to impute constructive knowledge of the [fruit] to [Sam's]." *Id.* at 7 (quoting *Spangler*, 689 F. App'x at 834). The Court also held that Plaintiffs failed to present any evidence that Sam's had actual knowledge of the fruit or created the dangerous condition. *Id.* at 5–6. Finally, the Court dismissed the derivative loss-of-consortium claim. *Id.* at 7.

Twenty-eight days after the Court entered its [47] Final Judgment, Plaintiffs moved to alter or amend it under Rule 59(e) "based on the need to correct a clear

2

error of law or prevent a manifest injustice." [48] at 2. Their motion made three arguments (which the Court summarizes and addresses below). *See id.* at 2–7. Sam's filed a response addressing each argument. *See* Sam's Resp. [49]; Sam's Mem. Supp. Resp. [50]. Plaintiffs did not file a reply.

II.     Standard

A Rule 59(e) motion "is an extraordinary remedy that should be granted sparingly." *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 371 (5th Cir. 2024) (citation modified). Rule 59(e) "allows a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact." *Trevino v. City of Fort Worth*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam). But Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* (citation modified).

III.    Analysis

Plaintiffs' motion makes three arguments. *See* [48] at 2–7. The Court addresses each in turn.

First, Plaintiffs argue that Sam's failed to produce video footage showing the area where Thomas Lane fell. *See id.* at 4. Sam's responds that Plaintiffs did not raise that issue at summary judgment. [50] at 3.[1]

---

[1] Sam's adds that Plaintiffs "never filed a discovery motion regarding the video produced," which captured the "camera angle closest to the area of the alleged incident . . . ." [50] at 3.

3

Plaintiffs' first argument fails because a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Trevino*, 944 F.3d at 570 (citation modified). Plaintiffs could have made this argument in their summary-judgment response, but they did not. *See* [42] at 1–5.

Second, Plaintiffs argue that the Court's summary-judgment [46] Order "appears to have discounted [Plaintiffs'] circumstantial evidence of constructive notice": "[t]he presence of multiple employees, some working and some idle, in close proximity to the hazard . . . ." [48] at 6. Sam's responds that the Court considered that evidence and held that it did not create a genuine issue. [50] at 6.

Plaintiffs' second argument fails for two reasons. For one, Rule 59(e) "may not be used to relitigate old matters . . . ." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (citation modified). The Court has already addressed Plaintiffs' presence-based argument, holding that the presence of employees nearby did not create a genuine issue as to whether the fruit was on the floor for long enough to establish constructive knowledge. *See* [42] at 4 (Plaintiffs raising same argument in one paragraph that cited no legal authority); [46] at 3, 6–7, 7 n.5.

In any event, Plaintiffs cannot "clearly establish . . . a manifest error of law or fact . . . ." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003) (citation modified). To the contrary, as Plaintiffs note, "[c]ourts have found it dispositive when litigants cannot provide any evidence regarding the length of time a substance has been on the floor." [48] at 3. Plaintiffs still identify no such evidence

(and still cite no legal authority supporting their presence-based argument). *See id.* at 1–7. To be sure, Plaintiffs submit that "proper inspection procedures were not followed." *Id.* at 6. But even if that were true, Plaintiffs still offer no evidence about how long the fruit was on the floor. *See, e.g.*, [36-1] at 8–10 (Lane's testimony that he did not "know how long [the fruit] had been on the floor," did not know "if it was five minutes before [he] slipped or ten minutes before [he] slipped," and saw no one else's footprints or cart marks on the fruit). Based on the evidence before the Court, "[i]t is just as logical to presume" that the fruit had been there for "mere minutes" as it is to presume that it was there for long enough that "nearby" employees should have known about it. *Dolgencorp, LLC v. Payton*, 366 So. 3d 838, 843 (Miss. 2023). "One would have to wholly speculate—without any evidence to back it up—that the [fruit] had been there long enough to establish constructive knowledge." *Id.*[2] For both reasons, Plaintiffs' second argument fails.

---

[2] *See also, e.g., Horne v. Dolgencorp LLC*, ___ So. 3d ___, No. 2024-CA-376, 2025 WL 1377839, at *4 (Miss. Ct. App. May 13, 2025) ("No one knows how, why, or when the [hazard] ended up on the aisle floor, and any conclusion would be wholly based on speculation." (citation modified)); *Anderson v. SW Gaming LLC*, 387 So. 3d 99, 107 (Miss. Ct. App. 2024) (concluding that the plaintiff failed "to remove the case from the realm of conjecture and place it within the field of legitimate inference with respect to the time the [hazard] existed . . . ." (citation modified)); *Haggard v. Wal-Mart Stores, Inc.*, 75 So. 3d 1120, 1126 (Miss. Ct. App. 2011) ("[T]he court will not indulge presumptions for the deficiencies in plaintiff's evidence as to the length of time the hazard existed . . . . The plaintiff must present specific proof as to the relevant actual length of time." (citation modified)); *Waller v. Dixieland Food Stores, Inc.*, 492 So. 2d 283, 286 (Miss. 1986) ("If the evidence is taken in the light most favorable to the [plaintiff], there was a two and one-half hour lapse between the last documented inspection by [the store manager] and the fall of [the plaintiff]. Is proof of a two and one-half hour time lapse sufficient to prove how long the liquid had been in the aisle? This Court holds that it is not. . . . [I]t is just as logical to presume the liquid was spilled [a minute before the accident] as it is to presume the liquid was spilled [two and a half hours before the accident]. The former presumption is even more credible in light of [the store manager's] testimony that the liquid did not appear smeared and it did not appear as if anyone had pushed a buggy through it."); *Keister ex rel.*

And third, Plaintiffs argue that a jury should determine the credibility of Wells's declaration, as his "recollection of having 'zoned' the area where [Thomas Lane fell] was not disclosed during discovery, although Plaintiffs inquired of this very issue . . . ." [48] at 4–6, 5 n.5 (citing Sam's Resps. to Interrogs. [48-2] at 13–14). Sam's responds that it identified Wells among the people with discoverable knowledge, yet Plaintiffs conducted no depositions. [50] at 3.

Plaintiffs' third argument fails because Wells's declaration does not affect the Court's conclusion that Plaintiffs "simply failed to produce evidence that demonstrates a time period sufficient to impute constructive knowledge of the [fruit] to [Sam's]." [46] at 7 (quoting *Spangler*, 689 F. App'x at 834).[3] As discussed above, even if "proper inspection procedures were not followed," [48] at 6, Plaintiffs still offer no evidence about how long the fruit was on the floor. So summary judgment would still be proper. *See* [46] at 6–7; *see also, e.g.*, *Payton*, 366 So. 3d at 843; *supra* note 2.

For those reasons, the Court concludes that there is no "manifest error of law or fact" that warrants the "extraordinary remedy" of Rule 59(e) relief. *Trevino*, 944

---

*Est. of Orr v. Dolgencorp, L.L.C.*, ___ F.4th ___, No. 24-60356, 2025 WL 1553895, at *2 (5th Cir. June 2, 2025) (holding that the plaintiff's "unsubstantiated assertion" did not establish "sufficient duration for [the premises owner] to have constructive knowledge of the dangerous condition").

[3] Out of an abundance of caution, the Court notes that it referenced Wells's declaration in one sentence of its analysis. [46] at 7 n.5. The Court likely should have omitted any reference to the declaration because Sam's presented it for the first time with its summary-judgment reply. *See Vais Arms, Inc. v. Vais*, 383 F.3d 287, 292 (5th Cir. 2004). But even without the declaration, summary judgment would still be proper for the reasons discussed in the Court's [46] Order and above: Plaintiffs offered no evidence about how long the hazard existed.

F.3d at 570; *Matthews*, 108 F.4th at 371 (citation modified). The Court thus denies Plaintiffs' [48] Motion to Vacate Judgment under Rule 59(e).

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Plaintiffs' [48] Motion to Vacate Judgment under Rule 59(e).

SO ORDERED, this 30th day of June, 2025.

s/ *Kristi H. Johnson*<br>UNITED STATES DISTRICT JUDGE